THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN PORTMAN, Appellant.

Second Department, January 15, 1926.

Crimes — evidence — exposing poison with intent that it be taken by dogs, property of others, in violation of Penal Law, § 190 — evidence that dogs had been poisoned prior to defendant's act in exposing poisoned meat is not admissible — no proof that defendant exposed poisoned meat that killed other dogs — evidence not admissible under form of indictment charging defendant with exposing poison between January first and March second, with intent to poison dogs — evidence inadmissible on ground that it proves other crimes — evidence inadmissible to show motive or intent.

On a prosecution for a violation of section 190 of the Penal Law, in which it was charged in the indictment that the defendant, between January 1, 1924, and March 2, 1924, willfully, unlawfully and unjustifiably exposed a poison substance, to wit, strychnine, with intent that the same should be taken by certain dogs, the property of others, evidence that during that period several dogs had been poisoned by strychnine is inadmissible under the form of the indictment which charges a single act, and it is inadmissible, also, on the ground that it tends to prove the commission of other crimes by the defendant.

Said evidence is not admissible for the purpose of showing motive, since there is no proof that the defendant was guilty of poisoning the other dogs, and for the same reason it is not admissible for the purpose of showing intent.

The result of the testimony is that the defendant was shown by circumstances to have committed one act and from that the jury was permitted to infer that he committed the other or prior acts, and then to infer from the fact that he committed the prior acts, that he committed the act charged, which amounts to an effort to base one inference upon another.

APPEAL by the defendant, John Portman, from a judgment of the County Court of the county of Nassau, rendered on the 10th day of February, 1925, convicting him of the crime of violating section 190 of the Penal Law.

*Thomas J. Cuff* [*Milton Pinkus* with him on the brief], for the appellant.

*Charles I. Wood, Assistant District Attorney* [*Charles R. Weeks, District Attorney,* with him on the brief], for the respondent.

JAYCOX, J. The defendant was indicted under section 190 of the Penal Law and charged with having exposed strychnine, intending that it be taken by certain dogs, the property of others. The People proved that on the 2d day of March, 1924, the defendant was seen on Childs avenue, in the village of Floral Park, near a tree. He was seen to stoop down, drop something and then pass on. Two witnesses then went to the place where the defendant had been seen to drop something and found a piece of meat. An

analysis was afterward made and it was found that this piece of meat contained strychnine. The prosecution upon the trial introduced evidence showing the poisoning of six dogs between January 1, 1924, and March 2, 1924. The defense objected to testimony of this character as incompetent, irrelevant and immaterial, and moved to strike it out. These objections were overruled, the motions denied and exceptions taken. The testimony as to these other poisonings is entirely circumstantial. The testimony of the witnesses was, in effect, that these other dogs were out upon the street in this same vicinity and afterward became sick and died. Some of them were observed to pick up something on the street, but this was not noticed as to all of them. After they became ill, or after their death, they were examined by a veterinary surgeon and this surgeon afterward testified that the cause of their deaths was strychnine poisoning.

The district attorney seeks to justify this evidence by the form of the indictment. The indictment charged that the defendant, between January 1, 1924, and March 2, 1924, willfully, unlawfully and unjustifiably did expose a poisonous and noxious drug or substance, to wit, strychnine, with the intent that the same should be taken by certain dogs, the property of others. Under this form of allegation it is claimed that evidence may be introduced to show any circumstances which would indicate that during that period the defendant exposed strychnine with the intent that it be taken by dogs. I do not so construe the indictment. Each time this poison was exposed, with the intent that it be taken by dogs, constituted a separate and distinct offense. If the evidence had shown that the defendant had exposed one piece of poisoned meat the first of January and that same piece of meat had remained exposed until the second day of March, that would have constituted but one offense. The evidence, however, in this case was not of that character. The evidence, if accepted by the jury, would show the exposure of a small piece of meat on the second day of March and that this piece of meat had no connection whatever with the death of the dogs at other times. The evidence did not tend to show, and it is not claimed that it did show, a continuous exposure of one piece of meat during the period mentioned. The evidence shows only one exposure of meat with which the circumstances tend directly to connect the defendant. The admission of evidence of other poisonings cannot be justified under the form of the indictment. This form of indictment is intended to, and did, undoubtedly, in this case, indicate that the grand jury charged the defendant with but one offense, but the grand jury was unable to fix the date of that happening, except within the period specified in the indictment.

If the indictment had charged exposures of poisoned meat upon various days during that period, with the other necessary allegations, it would have charged the commission of several crimes, and would have violated section 278 of the Code of Criminal Procedure. The form of the indictment did not justify any other or different proof than it would if it had charged the defendant with the commission of this crime on the 2d of March, 1924, except that it would have permitted proof of the one crime charged upon any date during that period, without justifying any claim of a variance between the indictment and the proof. The evidence as to other poisonings, therefore, cannot be justified by the form of the indictment. But if justified at all, it must be shown to be competent proof for the purpose of convicting the defendant of the poisoning which occurred on the 2d day of March, 1924.

It is conceded that the defendant could not be convicted of this crime by proof that he was guilty of another. This proposition is too well known to need the support of authorities. However, the following are some of the most prominent cases upon that subject: *People* v. *Molineux* (168 N. Y. 264); *People* v. *De Garmo* (179 id. 130); *People* v. *Duffy* (212 id. 57); *People* v. *Grutz* (Id. 72). This testimony, it seems to me, is clearly open to this charge, that it tended to convict the defendant by proof of other crimes. That, however, in my estimation was not the principal vice of this testimony. The vice of this testimony, as I view it, is not so much that it is an attempt to convict of one crime by proving the defendant guilty of another, but it is an effort to base one inference upon another. Poison was deposited in this vicinity upon a number of occasions, but there is no testimony, except inference, which connects the defendant with any of those occasions. Upon the last occasion the defendant was seen to take something from his pocket and drop it near a tree. Certain witnesses then went to the tree and found upon the ground a piece of meat containing strychnine. The inference is allowable that the defendant dropped that piece of meat, but I think we are not allowed to go on from that and infer that, because the defendant dropped that piece of meat, he dropped poisoned meat which caused the death of all the other dogs in that vicinity. The respondent argues that this evidence is competent to prove motive and intent. Motive is the mental attitude that prompts the commission of the criminal act. There is nothing in the proof of the poisoning of other dogs that in any way illustrates or indicates the defendant's motive. This is so, primarily, because they lack the necessary essential of connection with the defendant. They are not the acts of this defendant. They can only be construed as the acts of the defendant by inferring that the person

who dropped the poisoned meat on the 2d of March, 1924, was the same person who dropped the meat on the previous occasions. *Second,* assuming that they are the defendant's acts, they do not indicate motive.   They do not in any way show why the defendant desired to kill the dogs.   They do perhaps indicate intent, but intent was already inferable from the circumstances already in evidence. Intent is the purpose for which the criminal act was committed. These acts, the deposit of poisoned meat on other occasions, or the poisoning of other dogs, were, if the defendant did it, competent to show intent.  The other acts, claimed to be indicative of the defendant's intent, are not shown to be the acts of the defendant. The result was, in this case, that the defendant was shown by circumstances to have committed one act, and from that the jury is permitted to infer that he committed the other acts, and then from those to infer that he committed the primary act with certain intent. I think that is plainly basing one inference upon another, and that the testimony was incompetent.

The judgment of conviction of the County Court of Nassau county should be reversed upon the law, and a new trial ordered

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Judgment of conviction of the County Court of Nassau county reversed upon the law, and a new trial ordered.